```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**MALCOM T. HUTTON-BEY,**

                      Plaintiff,

                                            CIVIL ACTION
      vs.                                      No. 02-3308-SAC

**KARIM-KHALIL A. GREEN, et al.,**

                      Defendants.


<u>ORDER</u>

     Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. 1983 while he was a prisoner incarcerated in a Kansas correctional facility. Plaintiff seeks relief for the alleged violation of his rights under the First Amendment to practice his religious beliefs, and under the Equal Protection Clause. Specifically, plaintiff claims his requests for religious call-outs and supplies for Moorish Science inmates were not honored, and claims a decision by the Pastoral Care Administrator that plaintiff was no longer the recognized representative of a particular Moorish group was false and slanderous.

     The record reflects that plaintiff was released from custody in November 2004, and has not provided the court with a current mailing address. *See* Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas ("Each...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice."). A recent court mailing to plaintiff was returned as undelivered mail.

On this record the court finds the complaint should be dismissed based on plaintiff's apparent lack of interest in prosecuting his claims.[1]

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice, based on plaintiff's lack of prosecution.

**IT IS SO ORDERED.**

DATED:  This 16th day of June 2005 at Topeka, Kansas.

```
                                 s/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge
```

---

[1] Additionally, plaintiff's release from prison rendered moot his claims for declaratory judgment and injunctive relief. *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions); Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

Moreover, plaintiff's claim for damages for mental pain and suffering was defeated by no showing of a person injury, *see* 42 U.S.C. 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); and no claim for relief is stated under 42 U.S.C. 1983 on plaintiff's allegations of slander and libel, *see* DeShaney v. Winnebago County DSS, 489 U.S. 189, 201-03 (1989)(section 1983 does not impose liability for violations of duties of care arising out of state tort law).